## Sales on Display Cards

MILLER, Deputy Attorney General, September 22, 1948.—This department is in receipt of your request for advice, in which you ask if manufacturers of various commodities that offer their products for sale on display cards and openly display more than one unit of any commodity, either vertically or horizontally, and in such a manner that they are visible and can be counted by the purchaser before sale, are packages as defined in section 1 of the Commodities Act of July 24, 1913, P. L. 965, as amended, 76 PS §241.

On inquiry of the Bureau of Standards, Weights and Measures in your department, it has been determined that particular examples of merchandise on which you have received inquiries, consist of items such as safety pins, hair pins, bobby pins and common straight pins which are attached to cards by inserting them through holes in the cards or fastening them by staples or other devices in lots of from one in the case of large safety pins, to lots of several hundred in the case of straight common pins.

These small cards are in turn sometimes mounted on larger cards for convenience of the retail merchant and more effective sales display.

The current price of materials and labor are determining factors in the manufacturers' or distributors' calculation of the number of items to be attached to the cards when the products are offered for sale. When the costs of steel and labor are high, a 10-cent

, card may contain only 12 or 15 bobby pins, while lower material and labor costs may persuade the manufacturer or distributor to attach 25 or 30 of the same quality and type of bobby pins to each card that retails at 10 cents.

Some manufacturers and distributors of this type of merchandise object to printing the number of units of a particular product that is attached to each card, on the ground that the card with the product attached to it does not constitute a "package" within the meaning of the Commodities Act, and in addition, the purchaser can in some instances, readily count the number of individual bobby pins or other items attached to the card, before making the purchase.

The Commodities Act, as originally enacted in 1913, contained only one definition, and that was of the word "commodity" which was defined at section 1 of the act, as follows:

"The word 'commodity', as used in this act, shall be taken to mean any tangible personal property sold or offered for sale."

Since 1913, section 1 has been amended, and the definitions of several other words used in the act added, so that the section now provides, inter alia, as follows:

"The word 'commodity', as used in this act, shall mean any thing, goods, wares, merchandise, compound, mixture or preparation, products of manufacture of any tangible personal property, which may be lawfully kept, sold, or offered for sale.

．　．　．　．　．　．　．　．　．　．

"The word 'package', as used in this act, shall mean everything containing one or more than one unit of any commodity, tied or bound together, or put up in box, bag, pack, bundle, container, bottle, jar, can or any other form of receptacle or vessel, not considered as an approved measure, except cases, cartons, crates, bundles or bales used for bulk shipping or storage:

Provided, That enclosed packages are marked as to weight, measure or numerical count."

The term, "commodity," as contained in the original act, included "any tangible personal property sold or offered for sale". The act, as amended, and now in effect, retains its broad application and has added a number of definitions of some of the words contained in its provisions.

Under the terms of the Commodities Act, weight, measure, or numerical count must be made available or communicated to the buyer of all commodities, subject to reasonable variations and tolerances permitted by regulations of the Department of Internal Affairs, except for packages selling for five cents or less and containing less than one ounce liquid measure in the case of liquid commodities, or less than one ounce avoirdupois weight in the case of dry commodities.

The burden is on the seller either to communicate or make available the weight, measure or numerical count of the commodity sold or offered for sale.

Commodities such as hair pins, safety pins, bobby pins, or straight pins, attached to cards, are within the intent and definition of a "package", as clarified by section 1 of the act, since each card has attached to it or "contains" one or more than one unit of the commodity tied or bound together.

If such carded products were not considered as "packages", the seller would be under the duty of accompanying each purchase with a statement clearly indicating the weight, measure, or numerical count, as held in Retail Sales by Weight, 56 D. & C. 175, or of counting, measuring, or weighing the commodity in full view of the purchaser at the time of sale, as directed in section 2.1 of the Commodities Act, 76 PS §242.1, which provides, as follows:

"*All commodities not considered as packages* within the meaning of the act *or labeled as to net contents* at the time of sale, *shall be counted*, measured or weighed

*in full view of the purchaser at the time of sale,* and on weighing or measuring devices as approved by the department and inspected as to accuracy by the several State, county and city inspectors of weights and measures; and statement of result of such count, measure or weight to be made to the purchaser by the person making the sale." (Italics supplied.)

It is our opinion therefore, and you are accordingly advised that commodities offered for sale and mounted on display cards so that they are visible and can be counted by the purchaser before sale, are within the definition of the word "package" as defined in section 1 of the Commodities Act of July 24, 1913, P. L. 965, as amended, 76 PS §241.